UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY WEAVER,<br><br>     Plaintiff,<br><br>     v.<br><br>ROYAL RIDGE FRUIT & COLD STORAGE, LLC, a Washington limited liability company,<br><br>     Defendant. | NO. 1:17-cv-03109-SAB<br><br>**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

    Before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 17. The motion was heard without oral argument. The parties request the Court enter a limited protective order with respect to certain confidential, proprietary, and/or otherwise private information that may be produced through discovery. For the following reasons, the Court denies the parties request.

     The product of pretrial discovery is presumptively public, though Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of "good cause." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must certify it has

**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ^ 1**

"conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

Where, as here, the parties agree that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential material is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion for protective order. The Court encourages the parties to continue cooperating with respect to the handling of potentially sensitive discovery material.

//
//
//
//

**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ^ 2**

Accordingly, **IT IS ORDERED:**

1. The parties' Stipulated Motion for Protective Order, ECF No. 17, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 31st day of May 2018.



                        Stanley A. Bastian
                    United States District Judge

**ORDER DENYING THE PARTIES' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER ^ 3**